continuous course of conduct to conceal adverse material information about the MFS Funds operations, as specified herein.

69. These defendants employed devices, schemes and artifices to defraud and a course of conduct and scheme as alleged herein to unlawfully manipulate and profit from secretly timed trading and thereby engaged in transactions, practices and a course of business which operated as a fraud and deceit upon Plaintiffs and members of the Class.

70. The defendants had actual knowledge of the misrepresentations and omissions of material facts set forth herein, or acted with reckless disregard for the truth in that they failed to ascertain and to disclose such facts, even though such facts were available to them. The defendants' material misrepresentations and/or omissions were done knowingly or recklessly and for the purpose and effect of concealing the truth.

71. As a result of the dissemination of the materially false and misleading information and failure to disclose material facts, as set forth above, the market prices of the MFS Funds were distorted during the Class Period such that they did not reflect the risks and costs of the continuing course of conduct alleged herein. In ignorance of these facts, the market prices of the shares were distorted, and relying directly or indirectly on the false and misleading statements made by the defendants, or upon the integrity of the market in which the securities trade, and/or on the absence of material adverse information that was known to or recklessly disregarded by defendants but not disclosed in public statements by defendants during the Class Period, Plaintiffs and the other members of the Class acquired or redeemed the shares or interests in the MFS Funds during the Class Period at distorted prices and were damaged thereby.

72. At the time of said misrepresentations and omissions, Plaintiffs and other

23

members of the Class were ignorant of their falsity, and believed them to be true. Had Plaintiffs and the other members of the Class and the marketplace known of the truth concerning the MFS Funds' operations, which were not disclosed by defendants, Plaintiffs and other members of the Class would not have redeemed, purchased or otherwise acquired or disposed of their shares or, if they had acquired such shares or other interests during the Class Period, they would not have done so at the distorted prices which they paid.

73. By virtue of the foregoing, defendants have violated Section 10(b) of the Exchange Act, and Rule 10b-5 promulgated thereunder.

74. As a direct and proximate result of defendants' wrongful conduct, Plaintiffs and the other members of the Class suffered damages in connection with their respective purchases and sales of the MFS Funds shares during the Class Period.

## COUNT FOUR
### AGAINST SUN LIFE, MFS, AND THE FUND REGISTRANTS AS A CONTROL PERSON FOR, VIOLATIONS OF SECTION 20(a) OF THE EXCHANGE ACT

75. Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein except for Claims brought pursuant to the Securities Act.

76. This Claim is brought pursuant to Section 20(a) of the Exchange Act against Sun Life as a control person of MFS, the Fund Registrants, and the MFS Funds; against MFS as a control person of the Fund Registrants and the MFS Funds; and against the Fund Registrants as a control person of the MFS Funds.

77. It is appropriate to treat these defendants as a group for pleading purposes and to presume that the materially false, misleading, and incomplete information conveyed in the MFS Funds' public filings, press releases and other publications are the collective actions of Sun Life

24

and MFS.

78. Sun Life, MFS, and the Fund Registrants are controlling persons of the MFS Funds within the meaning of Section 20(a) of the Exchange Act for the reasons alleged herein. By virtue of their operational and management control of the MFS Funds' respective businesses and systematic involvement in the fraudulent scheme alleged herein, Sun Life, MFS, and the Fund Registrants each had the power to influence and control and did influence and control, directly or indirectly, the decision-making and actions of the MFS Funds, including the content and dissemination of the various statements which Plaintiffs contend are false and misleading. Sun Life, MFS, and the Fund Registrants had the ability to prevent the issuance of the statements alleged to be false and misleading or cause such statements to be corrected.

79. In particular, Sun Life, MFS, and the Fund Registrants had direct and supervisory involvement in the operations of the MFS Funds and, therefore, are presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.

80. As set forth above, Sun Life, MFS, and the Fund Registrants each violated Section 10(b) and Rule 10b-5 by their acts and omissions as alleged in this complaint. By virtue of their positions as controlling persons, Sun Life, MFS, and the Fund Registrants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' wrongful conduct, Plaintiffs and other members of the Class suffered damages in connection with their purchases of MFS Funds' securities during the Class Period.

## COUNT FIVE
## VIOLATION OF SECTION 34(b) OF THE INVESTMENT COMPANY ACT OF 1940 AGAINST ALL DEFENDANTS

81. Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

82. This claim for relief is brought pursuant to Section 34(b) of the Investment Company Act of 1940 against defendants.

83. Under Section 34(b) of the Investment Company Act of 1940, it shall be unlawful for any person to make any untrue statement of a material fact in any registration statement, application, report, account, record, or other document filed or transmitted pursuant to this title or the keeping of which is required pursuant to section 31(a) [15 USCS § 80a-30(a)]. It shall be unlawful for any person so filing, transmitting, or keeping any such document to omit to state therein any fact necessary in order to prevent the statements made therein, in the light of the circumstances under which they were made, from being materially misleading.

84. Here, defendants have made untrue statements of a material fact in a registration statement, application, report, account, record, and/or other document filed or transmitted pursuant to this title or the keeping of which is required pursuant to section 31 (a) [15 USCS § 80a-30(a)].

85. As such, Plaintiffs and other Class members have been injured as a result of defendants' untrue statements and have violated Section 34(b) of the Investment Act of 1940.

26

## COUNT SIX
### VIOLATION OF SECTION 36(a) OF THE INVESTMENT COMPANY ACT OF 1940 AGAINST ALL DEFENDANTS

86. Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

87. This claim for relief is brought pursuant to Section 36(a) of the Investment Company Act of 1940 against defendants. Under Section 36(a), an implied private right of action exists. McLachlan v. Simon, 31 F. Supp.2d 731 (N.D. Cal. 1998).

88. Under Section 36(a) of the Investment Company Act, defendants shall be deemed to owe a fiduciary duty to Plaintiffs and other Class members with respect to the receipt of fees and compensation that defendants received for services of a material nature.

89. Here, defendants have devised and implemented a scheme to obtain substantial fees and other income for themselves and their affiliates by allowing the Doe Defendants to engage in timing of the MFS Funds throughout the Class Period and in violation of their fiduciary duties to their customers, i.e., Plaintiffs and Class members.

90. Defendants engaged in such scheme to only benefit themselves and their affiliates by allowing the Doe Defendants to engage in timing of the MFS Funds named herein in return for substantial fees and other income.

91. Defendants have breached the fiduciary duties they owe to Plaintiffs and other Class members by, among other things, devising this plan and scheme solely for their own benefit and by failing to reveal to them material facts which would allow them to make informed decisions about the true value and performance of the Funds.

92. Plaintiffs and other Class members have been injured as a result of defendants'

27

breach of fiduciary duty and violation of Section 36(a) of the Investment Act of 1940.

## COUNT SEVEN
## AGAINST ALL DEFENDANTS
## FOR BREACH OF FIDUCIARY DUTIES

93.    Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

94.    Plaintiffs and the Class placed their trust and confidence in Sun Life and MFS to manage the assets they invested in the MFS Funds.

95.    Plaintiffs and the Class reasonably expected that the defendants would honor their obligations to them by, among other things, observing the securities laws and honoring the representations made in the MFS Funds' prospectuses.

96.    The defendants, aided and abetted by the other defendants, who are co-conspirators, breached their fiduciary duties to the Plaintiffs and the Class by violating the securities laws and breaching express and implied representations contained in the MFS Funds' prospectuses for the benefit of the MFS Funds and each of the other defendants.

97.    Each of the defendants was an active participant in the breach of fiduciary duty and participated in the breach for the purpose of advancing its own interests.

98.    Plaintiffs and the Class have been specially injured by defendants' wrongdoing. For example, those Class members who redeemed their shares during the Class Period received less than what they would have been entitled to had certain individuals not engaged in illegal market timing. Additionally, certain members of the Class (i.e., those who purchased their mutual fund shares legally), were treated differently than those purchasers that were market timers.

28

99. The defendants, aided and abetted by the other defendants, who are also co-conspirators, acted in bad faith, for personal gain and in furtherance of his, her or its own financial advantage in connection with the wrongful conduct complained of in this complaint.

100. As a direct and proximate result of the defendants' foregoing breaches of fiduciary duties, Plaintiffs and the members of the Class have suffered damages.

101. The defendants, as aiders, abettors, and co-conspirators, are each jointly and severally liable for an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs on behalf of themselves and of the Class pray for relief and judgment, as follows:

(a) Declaring this action to be a class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Class defined herein;

(b) Awarding Plaintiffs and the members of the Class damages in an amount which may be proven at trial, together with interest thereon;

(c) Awarding Plaintiffs and the members of the Class pre-judgment and post-judgment interest, as well as their reasonable attorneys' and experts' witness fees and other costs;

(d) Awarding such other and further relief as this Court may deem just and proper including any extraordinary equitable and/or injunctive relief as permitted by law or equity to attach, impound or otherwise restrict the defendants' assets to assure Plaintiffs have an effective remedy; and

(e) Such other relief as this Court deems appropriate.

## JURY TRIAL DEMANDED

Plaintiffs hereby demand a trial by jury.

Date:    February 5, 2004

Respectfully submitted,

**HAGENS BERMAN LLP**
Thomas M. Sobol (BBO# 471771)
225 Franklin Street, 26th Floor
Boston, MA 02110
Tel: (617) 482-3700
Fax: (617) 482-3003

**MUCH SHELIST FREED DENENBERG AMENT & RUBENSTEIN, P.C.**
Carol V. Gilden
Louis A. Kessler
191 North Wacker Drive, Suite 1800
Chicago, Illinois 60606
Tel: (312) 521-2403
Fax: (312) 521-2100

## CERTIFICATION OF PLAINTIFF PURSUANT TO FEDERAL SECURITIES LAW REGARDING THE MFS FAMILY OF MUTUAL FUNDS

Hugh F. Boyd, III hereby certifies on oath as follows:

1. I have reviewed the draft complaint prepared on my behalf..

2. I did not purchase fund that is the subject of this action at the direction of plaintiff's counsel or in order to participate in any private action arising under the securities laws.

3. I am willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial if necessary.

4. My transaction(s) in the fund(s) that is/are the subject of this action during the Class Period is/are as follows:

| Fund | Transaction(s) | Number of Shares | Date | Net Price |
|---|---|---|---|---|
| MAss Investors Growth Stock | | 1880.552 | 3/13/2000 | $22.18 |
| Emerging Growth | | 170.463 | 12/28/1999 | $64.53 |

5. I have not sought to serve as a class representative in any other cases under the federal securities laws within the last three years.

6. I will not accept any payment for serving as a representative party on behalf of the class beyond the plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the Court.

7. I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this 25 day of January 2004 in San Antonio (City), TX (State).

_____
Hugh F. Boyd, III

## CERTIFICATION OF PLAINTIFF PURSUANT TO FEDERAL SECURITIES LAW REGARDING THE MFS FAMILY OF MUTUAL FUNDS

Sandra S. Boyd hereby certifies on oath as follows:

1. I have reviewed the draft complaint prepared on my behalf..

2. I did not purchase fund that is the subject of this action at the direction of plaintiff's counsel or in order to participate in any private action arising under the securities laws.

3. I am willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial if necessary.

4. My transaction(s) in the fund(s) that is/are the subject of this action during the Class Period is/are as follows:

| Fund | Transaction(s) | Number of Shares | Date | Net Price |
|---|---|---|---|---|
| MFS MidCap Growth | | 1147.001 | 2/11/2000 | $16.01 |
| Emerging Growth | | 170.463 | 12/28/1999 | $64.53 |

5. I have not sought to serve as a class representative in any other cases under the federal securities laws within the last three years.

6. I will not accept any payment for serving as a representative party on behalf of the class beyond the plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the Court.

7. I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this 28 day of January 2004 in San Antonio (City), TX (State).

_Sandra S. Boyd_
Sandra S. Boyd